# In the United States Court of Federal Claims

No. 18-1076C

(Filed: December 12, 2018)

```
*******************************
                              *
MALACHI H. TOLAR, pro se,     *
                              *
            Plaintiff,        *
                              *  Statute of Limitations; Retroactive
v.                            *  Promotion; Military Pay; Non-Justiciable
                              *  Claims
THE UNITED STATES,            *
                              *
            Defendant.        *
                              *
*******************************
```

*Malachi H. Tolar*, *pro se*, Kennesaw, Georgia, Plaintiff.

*James William Poirier*, Civil Division, U.S. Department of Justice, with whom were, *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Franklin E. White, Jr.*, Assistant Director, Washington, D.C., as well as *LCDR Adam B. Yost*, United States Navy, Office of the Judge Advocate General, General Litigation Division, for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

Malachi H. Tolar is a *pro se* plaintiff who alleges that the Department of the Navy failed to process his request to be promoted and commissioned in the Medical Service Corps. Mr. Tolar now wants the Navy to retroactively promote him and retire him at a higher rank. The Government has filed a motion to dismiss Mr. Tolar's suit because it is untimely, fails to state claim on which relief can be granted, and is non-justiciable. For the following reasons, the motion is GRANTED.

## Background

Mr. Tolar served as an enlisted Aviation Electrician's Mate in the Navy for twenty years. Mot. Dismiss App. 1 (redacted DD-214 form). He ultimately retired at the rank of

7017 1450 0000 1346 2366

Management. Compl. Ex. 1. Mr. Tolar retired on October 31, 1995. Mot. Dismiss App. 2 (redacted DD-149 form).

On July 23, 2018, Mr. Tolar filed a complaint with this Court alleging that the Navy failed "to process original documents relating to direct commission in the U.S. Navy Medical Service Corps." Compl. at 2. Mr. Tolar seeks to be "promoted to (01) Ensign." Id. at 4. Mr. Tolar does not assert when he originally requested to be made a commissioned officer. However, according to a 2014 petition that Mr. Tolar submitted to the Board for Correction of Naval Records ("BCNR"), and a 2016 petition for reconsideration that he submitted to the same, Mr. Tolar alleged that he requested this appointment in 1990 and again in 1991. Mot. Dismiss App. 2.

Through this lawsuit, Mr. Tolar appears to be seeking: (1) retroactive promotion to Ensign (O-1); (2) retroactive concurrent appointment to the Medical Service Corps; and (3) retirement as an Ensign as of 1995. See Compl. at 2-4. On October 15, 2018, the Government filed a motion to dismiss the complaint. On December 4, 2018, Mr. Tolar responded in opposition.

## Discussion

The Government argues first that Mr. Tolar's claims are time barred, and the Court agrees. Parties must file claims in the United States Court of Federal Claims within six years of accrual. 28 U.S.C. § 2501. A claim accrues when "all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue" for the money owed. Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003). Retirement is the latest possible accrual date when a veteran challenges the military's failure to promote him during active service. Osborn v. United States, 47 Fed. Cl. 224, 233-34 (2000). Appeals to a correction board are irrelevant to the question of claim accrual. See Martinez, 333 F.3d at 1304-05.

Although Mr. Tolar does not allege when he submitted his request for an officer commission, his 2014 BCNR petition states that he applied for the Medical Service Corps program in 1990 and in 1991. Mot. Dismiss App. 2. Therefore, Mr. Tolar's claims for promotion and an officer commission accrued from the date of the Navy's decision not to act on his request in 1991. Further, Mr. Tolar's claim for any additional retirement pay under this higher rank accrued as of his retirement in 1995. Because Mr. Tolar brought these claims more than six years after they accrued, they are time barred.

The Government also successfully argues that Mr. Tolar's claims for retroactive promotion and for pay based on the higher rank that Mr. Tolar claims he is entitled to are non-justiciable and fail to state a claim on which relief can be granted. Thousands of

"routine personnel decisions regularly made by the services . . . are variously held nonjusticiable." Voge v. United States, 844 F.2d 776, 780 (Fed. Cir. 1988). Judicial review is only appropriate where the military's discretion is limited and Congress has established tests for measuring the military's conduct, or where a court reviews only whether the military properly followed its own procedures. Murphy v. United States, 993 F.2d 871, 873 (Fed. Cir. 1993). For a claim based on procedural error, a claimant must show a nexus between the error and the adverse promotion decision. See Lindsay v. United States, 295 F.3d 1252, 1259 (Fed. Cir. 2002).

According to Mr. Tolar's complaint, the Navy never notified him about whether his 1990 and 1991 requests were approved or rejected. It is not clear whether Mr. Tolar alleges that the Navy committed a procedural or a substantive error, but Mr. Tolar's claim fails either way. If Mr. Tolar's claim is substantive, then it is non-justiciable because the Navy's substantive decision not to promote Mr. Tolar was committed to military discretion. If Mr. Tolar's claim is procedural, then Mr. Tolar fails to state a claim because he cannot identify a nexus between a procedural error and his adverse promotion decision. See Compl. at 3. Mr. Tolar merely questions why he was never notified about whether his request was approved or rejected: "Could Administrative error be the reason?" Id.

Finally, the Court of Federal Claims cannot order an award of money damages based on retroactive appointment or promotion. Dysart v. United States, 369 F.3d 1303, 1317-18 (Fed. Cir. 2004). Therefore, with respect to Mr. Tolar's request for backpay based on retroactive promotion, Mr. Tolar also fails to state a claim for this reason.

## Conclusion

Unfortunately for Mr. Tolar, if he ever had a valid and justiciable claim against the United States, the time to bring that claim has long since expired. The Court is thankful for Mr. Tolar's service, but the Court is not empowered to act on his claim.

For the reasons above, the Court GRANTS the Government's motion to dismiss. The Clerk is directed to dismiss the complaint with prejudice.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge